## S95A1708. RENDER v. THE STATE.
(467 SE2d 528)

FLETCHER, Presiding Justice.

A jury convicted Antonio Render of felony murder, aggravated

---

assault and possession of a firearm during the commission of a felony in the shooting death of Michael Wilson.[1] Render appeals the failure of the trial court to sever his trial from his co-defendants. Because Render has not demonstrated that he suffered prejudice as a result of the failure to sever, we affirm.

1. The evidence showed that Render and his two co-defendants, Christie Blackburn[2] and Anterian Isaac, were drinking together at Blackburn's apartment when they decided to rob someone. Blackburn located a gun belonging to her roommate and the threesome found Wilson, a homeless man, walking along a path near the apartment complex. Render demanded money from Wilson and shot him in the shoulder when he said he had no money. Wilson then attempted to run, but he stumbled and fell and, while he lay on the ground insisting that he had no money, Render shot him in the right temple. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Render guilty of the crimes charged.[3]

2. Render and his two co-defendants were tried together. Render contends that the failure to sever the trials was error because the joinder of defendants required the state to introduce Render's statement in a redacted form when his unredacted statement was more exculpatory.[4] Render, however, testified consistently with his unredacted statement and, therefore, has not shown any harm by the failure of the state to introduce the unredacted statement.[5]

Render also contends that the redaction of the statement "forced" him to take the stand, where his co-defendants impeached him with his prior convictions. The record, however, does not support the assertion that the redacted statement was the primary factor in Render's decision to testify and subject himself to cross-examination.

---

[1] The crimes occurred on August 19, 1992. Render was indicted on January 7, 1994. The jury returned its verdict on March 25, 1994 and, following a sentencing hearing on April 18, the court merged the assault charge into the felony murder charge and sentenced Render to life imprisonment for felony murder and to a five-year concurrent term on the possession of a firearm charge. The court filed an amended sentence on May 24, 1994 to correct a clerical error. Render filed a motion for new trial on May 17, 1994, and an amended motion on May 19, 1995, which the court denied that same day. He filed a notice of appeal on June 19, 1995 and the case was docketed in this Court on July 25, 1995 and submitted for decision without oral argument on September 18, 1995.

[2] Blackburn's appeal was docketed in this Court on November 1, 1995 as Case No. S96A0214. See *Blackburn v. State*, 266 Ga. 541 (468 SE2d 381) (1996).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] Render's statement clearly inculpated his co-defendants. Therefore, it could not be admitted in a joint trial unless redacted to remove identifying references to the co-defendants. See *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968) and *Richardson v. Marsh*, 481 U. S. 200 (107 SC 1702, 95 LE2d 176) (1987).

[5] *Cain v. State*, 235 Ga. 128, 130 (218 SE2d 856) (1975) (to be entitled to severance, defendant must demonstrate harm that might be avoided by separate trials).

Therefore, we cannot say that the trial court abused its discretion in denying the motion to sever.

3. Upon his arrest, Render gave the police a statement admitting his presence at the scene of the murder, but implicating a co-defendant as the shooter. The detective taking the statement released Render and later Render testified in two pretrial proceedings against his co-defendants. Render contends that he gave the statement and testimony in the belief that he had an immunity agreement and that the trial court erred in failing to enforce the agreement.

The record is clear that the procedures of OCGA § 24-9-28, which allow "use immunity" for a witness compelled to testify, were not met. Nor is there evidence that the prosecutor followed the requirements of *State v. Hanson*[6] in extending a promise to forego prosecution. Nevertheless, Render contends that he testified in the pretrial proceedings in the belief that he had immunity and that fairness requires the enforcement of an immunity agreement.[7] Although, on rare occasions fairness and equity may require the enforcement of a procedurally flawed immunity agreement,[8] the facts in this case do not warrant recognition of the alleged agreement. At the juvenile court hearing involving a co-defendant, Render testified that he believed that he still had to answer to the charges and that he had not been offered a deal. Additionally, the statement given to police recites that no promises were made to induce the statement. Because Render did not establish that he relied on the alleged agreement in giving his statement or in testifying at the pretrial proceedings, the trial court did not err in refusing to enforce the alleged immunity agreement.

4. We have reviewed Render's remaining enumerations of error[9] and find them to be without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 4, 1996 —
RECONSIDERATION DENIED MARCH 28, 1996.

*Jones & Heard, Derek H. Jones,* for appellant.
*Lewis R. Slaton, District Attorney, Leonora Grant, Henry M.*

---

[6] 249 Ga. 739, 742 (295 SE2d 297) (1982).

[7] A detective testified that he understood that a city court judge had granted Render immunity in a prior proceeding in the case.

[8] *Hanson*, 249 Ga. at 747 (fact that agreement not to prosecute was ultra vires should not cause it to fail entirely). See also *State v. Dean*, 212 Ga. App. 724, 728 (2) (442 SE2d 830) (1994); *Rowe v. Griffin*, 676 F2d 524, 528 (11th Cir. 1982) (when prosecutor's promise to forego prosecution induces a waiver of a witness' fifth amendment right, due process requires that the promise be fulfilled).

[9] Render contends that the trial court erred in admitting evidence that Render shot and robbed another man two months after the murder and in admitting the prior inconsistent statement of one of the state's witnesses.

*Newkirk, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Caroline W. Donaldson, Assistant Attorney General,* for appellee.