## S96A0214. BLACKBURN v. THE STATE.
### (468 SE2d 381)

FLETCHER, Presiding Justice.

Christie Blackburn was convicted of felony murder, aggravated assault, and possession of a firearm during the commission of a felony in the shooting death of Michael Wilson.[1] She appeals, contending that the trial court should have severed her trial from that of her two co-defendants. Because the evidence relating to the two co-defendants did not confuse the jury or prejudice Blackburn, we affirm.

The evidence showed that Blackburn was drinking with her two co-defendants, Anterian Isaac and Antonio Render,[2] at Blackburn's apartment on the night Wilson was killed. Blackburn obtained a gun and the threesome left the apartment looking for someone to rob. While walking on a path near the apartment complex, they encountered the victim. After demanding money from Wilson, Render shot him in the shoulder. After a chase, the victim stumbled, and Render shot him in the right temple.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Blackburn guilty of the crimes charged.[3]

2. The victim of a similar occurrence, Edward Farley, testified that on the night of October 15, 1992, two months after the shooting in this case, Render approached Farley in Blackburn's apartment complex, took his money, and shot him in the face. Blackburn contends this evidence created confusion about which crime was on trial and would be improperly considered against her and, therefore, the trial court abused its discretion in trying Blackburn with Render and Isaac.[4]

There was no danger that the jury would be confused by this evi-

---

[1] The crime occurred on August 19, 1992. Blackburn was indicted on January 7, 1994. The guilty verdicts were returned on March 25, 1994, and following a sentencing hearing on April 18, the court merged the assault charge into the felony murder charge and sentenced Blackburn to life in prison for felony murder and five years imprisonment, to be served concurrently, for the possession charge. An amended sentence was filed May 24, 1994. After receiving new appointed counsel, Blackburn filed a motion for new trial, which was denied on August 25, 1995. The notice of appeal was filed on September 15, 1995 and amended on October 11, 1995. The appeal was docketed on November 1, 1995 and submitted for decision on briefs on December 25.

[2] This Court recently affirmed Render's conviction for felony murder. *Render v. State,* 266 Ga. 490 (467 SE2d 528) (1996).

[3] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] See *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856) (1975).

dence, because the evidence, which referred to Render only, clearly showed that Blackburn was not involved in the later incident. Additionally, the trial judge instructed the jury to apply the evidence to Render only. Under these circumstances, we hold that the trial court did not abuse its discretion in denying the motion to sever.

3. Blackburn also contends that the trial court erred in allowing Farley to testify first in the trial, because there was a substantial possibility that the jury settled on Blackburn's guilt based solely on that evidence. The evidence, however, involved only one incident, was offered first to accommodate the witness' schedule, and the trial court instructed the jury to consider the evidence against Render only. Therefore, the trial court did not abuse its discretion in allowing Farley to testify first.[5]

4. Diane Freeman, Blackburn's roommate, testified for the state. On direct examination, Freeman denied telling the police about certain statements Blackburn made to her about the murder. To rebut this testimony, the prosecutor offered Freeman's prior statement to police. Blackburn contends that the state should not have been allowed to impeach its own witness on a point immaterial to the case and in a manner that placed Blackburn's character in issue. A review of the record shows that the challenged testimony all related to the murder for which Blackburn was on trial. Therefore, the statement did not improperly place Blackburn's character in issue. Because Freeman's testimony was in direct contradiction to her prior statement, the trial court did not abuse its discretion in allowing the prior statement in evidence.[6]

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 8, 1996.

*Alterman & Associates, Cathy M. Alterman,* for appellant.

*Lewis R. Slaton, District Attorney, Leonora Grant, Henry M. Newkirk, Assistant District Attorneys, Michael J. Bowers, Attorney General, Beth Attaway, Assistant Attorney General,* for appellee.

---

[5] Compare *Gilstrap v. State*, 261 Ga. 798, 799 (410 SE2d 423) (1991) (admission of nine similar transactions before evidence on indicted offenses).

[6] *Wilson v. State*, 235 Ga. 470, 474 (219 SE2d 756) (1975) (party may impeach own witness with prior inconsistent statement).