## A01A1653. McFADDEN v. THE STATE.
### (554 SE2d 323)

PHIPPS, Judge.

Cheryl Vandetta McFadden appeals her conviction of possession of cocaine with intent to distribute, arguing that the trial court erroneously admitted her confession. We find no error and affirm.

Taken in the light most favorable to the conviction, the record shows that Detective Paul Woods and other officers with the Whitfield County Sheriff's Department found evidence of drugs at the residence of Vicki Wasserman. Wasserman agreed to cooperate with the officers and paged her supplier by telephone. Later that day, McFadden drove into Wasserman's driveway. McFadden consented to a search of her vehicle, where officers found crack cocaine. Officers also found a pager on McFadden's person that displayed Wasserman's home telephone number.

Woods interviewed McFadden at jail the next day. She signed a form waiving her *Miranda* rights and gave a written statement. In the statement, McFadden said, among other things, that she had been selling crack cocaine for about four months and had gone to Wasserman's residence to sell cocaine. She also said that she had "not been promised or threatened in any way for the above statement."

The trial court held a *Jackson-Denno* hearing to determine the admissibility of the statement. McFadden testified that, before she gave the statement, Woods told her, "[I]f you . . . cooperate with us, . . . I promise I won't charge you for these drugs." Woods, on the other hand, testified that he made no promises to McFadden in exchange for her confession, but did tell her he would notify the district attorney's office if she chose to cooperate. The trial court found

that McFadden gave the confession "freely and voluntarily without any hope of benefit or fear of injury." McFadden argues this ruling was error because the detective's words gave her the hope of a benefit.

Under OCGA § 24-3-50, a confession is admissible only if it was "made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." A police officer's statement to the defendant "that he would let the district attorney know about the defendant's cooperation, and that this *might* result in a reduced sentence" does not impermissibly hold out hope of benefit.[1] We will uphold a trial court's factual and credibility determinations at a *Jackson-Denno* hearing unless they are clearly erroneous.[2] Here, we cannot say that the trial court's decision to credit Woods's version of events over that of McFadden was clearly erroneous. Accordingly, we find no error in the admission of the confession.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED AUGUST 23, 2001.

*Michael A. Corbin,* for appellant.
*Kermit N. McManus, District Attorney, Forest L. Miles, Assistant District Attorney,* for appellee.

---

[1] (Emphasis in original.) *Lyles v. State*, 221 Ga. App. 560, 561 (1) (472 SE2d 132) (1996).
[2] *Holloway v. State*, 245 Ga. App. 510, 515 (3) (537 SE2d 708) (2000).