## S01A0593. HAMILTON v. THE STATE.
### (555 SE2d 701)

BENHAM, Justice.

In May 1983, while Stephen Hynes and his fiancee, Catherine Moore, were cooking on the patio of her apartment, Henry Albert Hamilton and Michael Fortson, armed with pistols, came through bushes onto the patio. After Hynes said his wallet was inside, he and Moore were ordered into the apartment. When Hynes and Moore attempted to flee, Hynes was shot twice and died. Fortson told a witness that he and Hamilton attempted to rob the victims, and that Hamilton had shot Hynes and had unintentionally shot Fortson in the leg. That witness reported them to the police. Both were identified in lineups by Moore. Hamilton was convicted of felony murder in November 1983 and his conviction was affirmed by this Court. *Hamilton v. State*, 255 Ga. 468 (339 SE2d 707) (1986). However, in a federal habeas corpus proceeding, his convictions were vacated on the ground of ineffective assistance of counsel. *Hamilton v. Ford*, 969 F2d 1006 (11th Cir. 1992). A second trial in September 1994 resulted in conviction for felony murder and two counts of criminal attempt to commit armed robbery.[1] This appeal follows.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find Hamilton guilty beyond a reasonable doubt of the crimes of which he was convicted.

---

[1] The crimes were committed on May 28, 1983. After the vacation of Hamilton's first conviction, he was indicted on July 1, 1994, for felony murder and two counts of criminal attempt to commit armed robbery. A trial conducted on September 19-26, 1994, resulted in a verdict of guilty on all counts. The trial court sentenced Hamilton to life imprisonment for felony murder, deemed one count of criminal attempt to commit armed robbery to have merged with the felony murder count, and sentenced Hamilton to a consecutive term of ten years for the other count of criminal attempt to commit armed robbery. Hamilton's motion for new trial, filed October 21, 1994, was denied, as amended, on September 25, 2000. Following a timely notice of appeal filed on October 6, 2000, this appeal was docketed in this Court on January 10, 2001, and was orally argued on April 17, 2001.

*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Taylor v. State*, 272 Ga. 744 (3) (534 SE2d 67) (2000). Since an appellate court reviewing a trial court's denial of a motion for directed verdict applies the "sufficiency of the evidence" test of *Jackson v. Virginia*, supra, we also affirm the trial court's denial of appellant's motion for directed verdict of acquittal. *Moore v. State*, 273 Ga. 11 (1) (537 SE2d 334) (2000).

2. During voir dire, trial counsel asked potential jurors whether any of them would lose a paycheck if chosen for jury service, what their general attitudes were toward the criminal justice system, which jurors had traveled to a foreign country, whether any jurors knew anyone who had been sentenced to time in prison or jail, and whether any jurors had been affected by the pretrial publicity on the O.J. Simpson case in California. On appeal, Hamilton contends that the questions were irrelevant and outside the scope of OCGA § 15-12-133,[2] and that the trial court erred in overruling the State's objections to the questioning.

Pretermitting whether Hamilton can complain on appeal that the trial court erred in permitting defense counsel to ask the questions,[3] no error appears in the allowance of the questions. The scope of voir dire and the propriety of particular questions are left to the sound discretion of the trial court. *Hammond v. State*, 273 Ga. 442 (2) (c) (542 SE2d 498) (2001). The trial court's rulings regarding the conduct of voir dire will not be disturbed on appeal absent some manifest abuse of discretion. *Gatlin v. State*, 236 Ga. 707 (2) (225 SE2d 224) (1976). The questions propounded by Hamilton's trial counsel were inquiries regarding any inclination, leaning, or bias potential jurors may have had. The trial court did not abuse its discretion in permitting them.

3. The trial court granted a motion in limine in which the State sought to exclude evidence of a series of allegedly similar crimes committed by unknown persons. Hamilton asserts that ruling was error.

> Certainly a defendant is entitled to introduce relevant and admissible testimony tending to show that another person

---

[2] [C]ounsel for either party shall have the right to inquire of the individual jurors examined touching any matter or thing which would illustrate any interest of the juror in the case, including any opinion as to which party ought to prevail, the relationship or acquaintance of the juror with the parties or counsel therefor, any fact or circumstance indicating any inclination, leaning, or bias which the juror might have respecting the subject matter of the action or the counsel or parties thereto, and the religious, social, and fraternal connections of the juror.
OCGA § 15-12-133.

[3] But see *Crozier v. State*, 263 Ga. 866 (3) (440 SE2d 635) (1994) (appellant cannot complain of error induced by his conduct).

committed the crime for which the defendant is tried. [Cit.] However, the proffered evidence must raise a reasonable inference of the defendant's innocence, and must directly connect the other person with the corpus delicti, or show that the other person has recently committed a crime of the same or similar nature.

*Klinect v. State*, 269 Ga. 570, 573 (3) (501 SE2d 810) (1998). Since evidence that some unidentified person may have committed other crimes does not meet any of the requirements set out in *Klinect*, the trial court did not err in granting the State's motion in limine.

4. Hamilton complains on appeal of the trial court's failure to grant a mistrial or give curative instructions following a defense objection to opening argument. Since no motion for mistrial or request for instructions was made after the trial court sustained the only objection, the trial court did not err in failing to grant a mistrial or give instructions. *Zellner v. State*, 260 Ga. 749 (3) (b) (399 SE2d 206) (1991). Any other complaint regarding opening argument was waived by failure to object. *Spear v. State*, 270 Ga. 628 (5) (513 SE2d 489) (1999).

5. The State put on evidence of eight similar crimes committed by Hamilton, one at the beginning of the trial and the others after the introduction of the evidence of the crimes for which Hamilton was on trial. He complains on appeal that the trial court erred in permitting the introduction of similar transaction evidence prior to the introduction of evidence regarding the offenses involved in the present case.

"While the court has discretion as to the order of admission of evidence [cit.], that discretion is not unlimited." *Gilstrap v. State*, 261 Ga. 798, 799 (2) (410 SE2d 423) (1991). In *Gilstrap*, the State was permitted to put on evidence of nine similar transactions before putting on any evidence concerning the charges for which Gilstrap was being tried. This Court declined to determine the outer limits of the trial court's discretion because the conviction was being reversed for another reason, but expressed concern about the trial court's action: "The procedure followed in the trial court raises a substantial possibility that the jury could have settled upon the guilt of the defendant based solely upon evidence of a large number of similar transactions, and before hearing a single witness to the indicted offenses." (Emphasis omitted.) Id.

In the present case, the State put on evidence of only one similar transaction before it introduced evidence relating to the charges on which Hamilton was being tried. In four decisions after *Gilstrap*, this Court and the Court of Appeals have found no abuse of discretion in permitting introduction of a single similar transaction prior to the

introduction of evidence of the crime for which the defendant was being tried. *Blackburn v. State*, 266 Ga. 541 (3) (468 SE2d 381) (1996); *Cowan v. State*, 243 Ga. App. 388 (2) (a) (531 SE2d 785) (2000); *Curtis v. State*, 212 Ga. App. 237 (4) (441 SE2d 776) (1994); *Charo v. State*, 206 Ga. App. 297 (1) (424 SE2d 900) (1992). The similar transaction presented first in the present case was a robbery committed earlier the same evening as the attempted robberies and murder involved in the present case, less than ten miles away. Under those circumstances, we perceive no abuse of discretion in permitting the State to begin its introduction of evidence with the single similar transaction.

6. Hamilton contends that the trial court's refusal to require the State to provide a copy of a statement made by Moore violated *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). The trial court reviewed the statement in camera and ruled that it was not *Brady* material because there was nothing exculpatory or impeaching about it. When defense counsel made another request for the statement while Moore was on the witness stand, the trial court again denied it. Hamilton now claims that an inconsistency regarding the relative heights of the two robbers was impeaching. The record does not bear out that argument. The witness described Hamilton in relation to her description of Fortson, and having said in her statement that Fortson was crouching when she first saw him, she described Hamilton as taller. Because the description of Hamilton was expressly relative to Fortson as he first appeared to the witness, it was not inconsistent with the fact that Fortson was shown by a line-up photograph to be taller than Hamilton. Since the statement was neither exculpatory nor impeaching, there was no *Brady* violation in refusing to provide it to the defense. *Mize v. State*, 269 Ga. 646 (2) (501 SE2d 219) (1998). Since there was no *Brady* violation, Hamilton's related claims of prosecutorial misconduct based on the failure to provide the statement and judicial abuse of discretion in failing to grant a mistrial for the alleged *Brady* violation are likewise without merit.

7. In one enumeration of error, Hamilton contends the trial court erred on five occasions by denying motions for mistrial. Two of the motions were prompted by the mention of the former trial by two separate witnesses in violation of an earlier ruling by the trial court. On the first occasion, the trial court directed the prosecution to caution all witnesses and on the second occasion, the trial court offered to give curative instructions which defense counsel declined, agreeing with the trial court's observation that instructions would call the jury's attention to the mistake. Another motion stemmed from Moore's emotional reaction to a photograph of the murder victim. Defense counsel alleged that the State had deliberately created the

emotional scene, but after the prosecuting attorney stated that she had to have testimony identifying the deceased and that she had held back the most disturbing photographs, the trial court denied the motion. Defense counsel moved for a mistrial during the testimony of a witness establishing similar transactions, contending that the witness had implied that Hamilton was involved in many more robberies than had been suggested in an earlier hearing on similar transaction evidence. After the trial court denied that motion with an observation that defense counsel had interrupted the witness before he could clarify what he was saying, defense counsel moved again for mistrial on the ground that no similar transaction evidence should have been admitted. The trial court denied that motion also.

"A trial court's discretion in granting or refusing to grant a mistrial should not be disturbed unless a mistrial is essential to the preservation of the right to a fair trial. [Cit.]" *Gardner v. State*, 273 Ga. 809 (5) (546 SE2d 490) (2001). Hamilton's argument on appeal is that the trial court did not exercise its discretion in ruling on the mistrial motions. That argument is not borne out by the record. With regard to each motion, the trial court either took or offered corrective action or rejected the basis for the motion. The trial court exercised its discretion and Hamilton has not shown an abuse of that discretion.

8. When the State proffered photographs taken by a bank's automatic camera providing surveillance of an automated teller machine, Hamilton objected that the State had failed to lay a proper foundation for admission of the photographs. He enumerates as error the trial court's overruling of that objection.

"A photograph is authenticated by showing it is a fair and accurate representation of the scene depicted. [Cit.] Any witness who is familiar with the scene depicted can authenticate the photograph; it is not necessary that the witness be the photographer or even that the witness have been present when the photograph was taken." [Cit.]

*Scott v. State*, 206 Ga. App. 23, 25 (1) (a) (424 SE2d 328) (1992). A bank employee testified that the photographs were fair and accurate representations of their subjects. Because that testimony satisfied the basic foundational requirements (id.), the trial court did not err in overruling the objection.

9. A witness testified that Fortson told him that Hamilton had shot the victim and had also accidentally shot Fortson in the leg. Hamilton complains that the testimony was hearsay and was not admissible under the necessity exception or because Hamilton did not deny the statement, but those arguments are without meaning

since the trial court did not admit the testimony under either of those exceptions. In fact, the only two hearsay objections made during this testimony were sustained. Had further exception to the testimony been made on hearsay grounds, it would have been unavailing because the testimony was admissible under the co-conspirator exception to the hearsay rule. *Butler v. State*, 270 Ga. 441 (9) (511 SE2d 180) (1999).

10. During the cross-examination of a defense witness, Hamilton's former employer, the prosecuting attorney asked the witness whether he would be surprised to learn that during the time period involved, Hamilton went out after work and committed robberies. Hamilton argues on appeal that his character was thereby put into issue. However, the only objection raised at trial was that there was no foundation for the question, and the trial court sustained that objection. Since there was no objection at trial on character grounds, that complaint is waived. *Coppock v. State*, 273 Ga. 324 (3) (540 SE2d 187) (2001).

11. Hamilton contends on appeal that the trial court erred in admitting evidence of similar transactions. The trial court, after conducting a hearing and making the findings required by *Williams v. State*, 261 Ga. 640 (2) (409 SE2d 649) (1991), permitted the State to present evidence of eight similar transactions, armed robberies in which Hamilton and an accomplice accosted persons outside their homes, forced them inside, and beat and robbed them. Our review of the record persuades us that the showing by the State at the *Williams* hearing was sufficient and there was no error in admitting the evidence of similar transactions. *Murray v. State*, 269 Ga. 871 (2) (505 SE2d 746) (1998).

12. As to Hamilton's contention that the prosecuting attorney made improper comments during closing argument, no objection was raised at trial, which waives the right to complain on appeal. *Bellamy v. State*, 272 Ga. 157 (11) (527 SE2d 867) (2000).

13. Citing ten instances of what he contends was deficient performance by trial counsel, Hamilton claims he was rendered ineffective assistance of counsel.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. [Cits.] The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [Cit.] The trial court's determination with respect

to effective assistance of counsel will be affirmed unless the trial court's findings are clearly erroneous. [Cit.]

*Chapman v. State*, 273 Ga. 348, 349 (2) (541 SE2d 634) (2001).

Hamilton's first contentions, that trial counsel was ineffective by asking prospective jurors questions outside the scope of OCGA § 15-12-133 and by failing to object to the presentation of similar transaction evidence before the case-in-chief, are without merit in light of our holdings above that the questioning was within the scope of that statute and that the admission of evidence concerning one similar transaction before the evidence concerning the offense for which Hamilton was on trial was not an abuse of discretion. Hamilton next asserts that counsel was ineffective for failing to move for a mistrial on two occasions. The first was when the State produced Fortson for identification. Hamilton does not suggest on appeal any possible ground for mistrial associated with having a witness identify Hamilton's accomplice and we have not ascertained any such ground in our review of the record and the law. The contention that trial counsel should have moved for mistrial because the prosecuting attorney left prejudicial photographs face-up on her table where the jury could see them is not supported by the record. The transcript shows that when trial counsel objected to the placement of the photographs on the table, the prosecuting attorney said she would move them, then noted for the record without contradiction that only one photograph was face-up, and that was a photograph of a hat the jury had already seen. Hamilton's claim that counsel should have moved for a mistrial because Hamilton was not present during part of the proceedings which were conducted in the trial court's chambers is at odds with the law and the transcript.

A defendant's right to be present . . . may be personally waived by the defendant or by defendant's counsel. [Cit.] For there to be a waiver by defendant's counsel, the waiver must be made in the defendant's presence or with his express permission, or else the waiver must be subsequently acquiesced in by the defendant. [Cit.]

*Brooks v. State*, 271 Ga. 456, 457 (2) (519 SE2d 907) (1999). The transcript shows that the trial court inquired of counsel whether Hamilton waived his presence at the proceedings, that counsel left chambers for a short while and returned to say that he had asked Hamilton and that Hamilton had expressly waived his presence. That statement supports the trial court's finding on motion for new trial that Hamilton's presence at the proceeding was waived by counsel with Hamilton's express permission. Finally, Hamilton complains

that trial counsel failed to preserve for appeal several motions for mistrial. However, since we have considered on the merits every contention Hamilton has made regarding his entitlement to a mistrial, any alleged failure to preserve the issue for appeal cannot meet the prejudice requirement of an ineffective assistance of counsel claim. No ineffective assistance of counsel has been shown with regard to trial counsel's handling of motions for mistrial.

Hamilton did not testify at trial, and contends on appeal his trial counsel were ineffective in denying him the right to testify. Whether to testify in his own behalf is a decision for a defendant to make after full consultation with counsel. *Van Alstine v. State*, 263 Ga. 1, 2 (426 SE2d 360) (1993). The record shows that Hamilton wanted to testify, but decided not to after a conference in which his trial counsel strongly urged him not to do so. At the motion for new trial hearing, trial counsel explained they advised Hamilton not to testify primarily because they expected the prosecuting attorney to make very effective cross-examination, especially with regard to several similar transactions in which Hamilton had pleaded guilty to the offenses. " '[S]trategic choices made after thorough investigation are virtually unchallengeable.' " *Stephens v. State*, 265 Ga. 120 (2) (453 SE2d 443) (1995). Our review of the record of this case persuades us that Hamilton was not denied the right to testify, and that the strategic decision to advise Hamilton not to testify was not unreasonable.

Two of Hamilton's assertions of ineffectiveness of counsel concern the handling of witnesses, specifically the failure to impeach one witness by use of the witness's purportedly inconsistent testimony at Hamilton's first trial, and the failure to interview and call to the witness stand the person who gave alibi testimony at the first trial. The first of those assertions is fatally at odds with the record in two ways: the witness's testimony at both trials was that Moore was uncertain at the lineup in her identification of Hamilton; and trial counsel did use the witness's testimony from the first trial to prompt the witness to say he did not see Moore positively identify Hamilton at the lineup. With regard to their decision not to call Hamilton's alibi witness, defense counsel testified that although they did not personally speak to the witness, she was interviewed by their investigator, who reported that the witness, who had been Hamilton's girlfriend at the time of the crimes involved here, had since married, did not want to be involved in the trial, and would not testify as she had at the first trial. The decision not to call the witness was a strategic or tactical decision (*Roberts v. State*, 263 Ga. 807 (2) (b) (439 SE2d 911) (1994)), and a reviewing court "must be 'highly deferential to those choices made by defense counsel in the conduct of a trial that are arguably dictated by a reasonable trial strategy.' [Cit.]" *Turpin v. Mobley*, 269 Ga. 635, 644 (3) (D) (502 SE2d 458) (1998). Applying those standards,

we are persuaded the trial court did not err in rejecting Hamilton's complaints of ineffective assistance of counsel with regard to the handling of witnesses.

Hamilton's remaining contention that trial counsel was ineffective is not properly before this Court because it was not raised on motion for new trial, and "contentions of ineffectiveness not raised on motion for new trial by counsel appointed . . . after conviction are waived. [Cit.]" *Spear v. State*, 270 Ga. 628, 632 (5) (513 SE2d 489) (1999).

14. As he did on his first appeal, Hamilton contends his "due-process guarantee of a fair trial was violated by the admission of highly unreliable eyewitness testimony produced by impermissibly suggestive identification procedures utilized by the state." *Hamilton v. State*, supra at 469. A review of the transcript and the law persuades us that the resolution of this issue is well expressed in the words of this court's affirmance of his first conviction:

> This argument rests upon the assertion that witness Moore was shown photographic displays or arrays containing photographs of [Hamilton and Fortson] (driver's license photos, as contrasted with mug shots of the other subjects) and was unable to identify the appellants, and that a week or ten days later, she identified the appellants (who were the only subjects whose photographs had been included in the photographic array) out of a police corporal lineup. By itself, this procedure was not impermissibly suggestive. [Cit.] Nor were the identifications unreliable under the totality of the circumstances. [Cit.] Miss Moore's uncertainty as to the assailants' descriptions on the night of the crime is understandable in view of her having just experienced the trauma of the murder of her fiance. Her identification at the corporal lineup was immediate and definite and, she testified, based upon her independent recollection. The lineup was only a month after the murder. There was evidence that she had had about five minutes to view both assailants at the well-lighted crime scene. Although she had been drinking, she had consumed only a half a glass of champagne. . . . Whatever conflicts [existed] in the evidence on the identity of [Hamilton] as [a perpetrator] were resolved by the jury against [Hamilton]. The evidence authorized the finding that [he and Fortson] were the perpetrators, and shows that there is no likelihood of irreparable misidentification.

Id. at 469 (1).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 28, 2001 —
RECONSIDERATION DENIED DECEMBER 14, 2001.

*Robert A. Maxwell*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.