## A02A0390. WILLIAMS v. THE STATE.
(565 SE2d 917)

RUFFIN, Judge.

Concluding that Anthony Williams shot Tony Wilson, a jury found Williams guilty of aggravated assault and aggravated battery.[1] On appeal, Williams contends that the trial court erred in admitting his custodial statement in evidence. Williams also asserts that the trial court erred in admitting evidence of a similar transaction. Williams' allegations of error lack merit, and we affirm.

1. After two witnesses identified Williams as the man who shot Wilson, police took Williams into custody. Sergeant James Perry interviewed Williams, who admitted that he fired a shot, but claimed that he fired into the air. On appeal, Williams contends that the trial court erred in admitting the statement, arguing that it was "coerced and involuntary."

Prior to admitting Williams' statement, the trial court conducted a *Jackson-Denno* hearing. During the hearing, Perry testified that, prior to questioning Williams, he read Williams his *Miranda* rights,

---

[1] The jury found Williams guilty of two counts of aggravated assault, which the trial court merged for sentencing purposes.

which he appeared to understand. According to Perry, he neither threatened Williams nor made any promises to him before obtaining the statement. Following this testimony, the trial court ruled that Williams' statement was voluntary and admitted the statement in evidence.

OCGA § 24-3-50 provides that "a confession is admissible only if it was 'made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury.' "[2] "It is the task of the trial court to determine whether a confession was voluntary, taking into account the totality of the circumstances."[3] Once the trial court has made such determination, we will uphold its factual and credibility findings unless they are clearly erroneous.[4]

Here, Williams contends that Perry "suggested to [him] that he be truthful or [his girlfriend and child] could be in trouble." According to Williams, this "threatening method[ ] of interrogation" coerced him into making his statement. Contrary to Williams' contention, however, Perry testified that he made no such threat to Williams. Indeed, there is no evidence supporting Williams' version of events. Under these circumstances, the trial court's decision to admit Williams' statement was not clearly erroneous. It follows that this enumeration of error presents no basis for reversal.[5]

2. Over Williams' objection, the trial court permitted Casey Hudson to testify about a similar transaction. Hudson testified that, in 1998, Williams fired several shots at him while he was sitting in his car. Williams asserts that the trial court erred in admitting this evidence before the State finished introducing its case-in-chief. Williams cites *Gilstrap v. State*[6] for the proposition that the "premature" introduction of similar transaction evidence raises "a substantial possibility that the jury could have settled upon the guilt of [the] defendant based solely upon the similar transaction evidence."

In *Gilstrap*, the State introduced evidence of nine similar transactions prior to offering any evidence on the crime for which the defendant was on trial. The Supreme Court noted that such procedure raised a possibility that the jury determined the defendant's guilt based solely upon the number of similar transactions.[7] However, the Supreme Court reversed the judgment in *Gilstrap* on another basis.[8] Thus, that Court did not reach the issue of whether

---

[2] *McFadden v. State*, 251 Ga. App. 342, 343 (554 SE2d 323) (2001).
[3] *Bailey v. State*, 248 Ga. App. 120, 121 (545 SE2d 659) (2001).
[4] See *McFadden*, supra.
[5] See id.
[6] 261 Ga. 798 (410 SE2d 423) (1991).
[7] See id. at 799.
[8] Id.

the procedure employed in admitting similar transaction evidence constituted an abuse of the trial court's discretion.[9]

On appeal, Williams asks this Court to establish a "bright line rule" with regard to the admission of similar transaction evidence. Williams invites us to rule that it is an abuse of discretion for a trial court to admit evidence of a single similar transaction prior to the State presenting the evidence relating to the crime for which the defendant is on trial. We note, however, that our Supreme Court recently addressed this issue in *Hamilton v. State*[10] and declined to adopt such a bright line rule. Thus, this claim of error lacks merit.

*Judgment affirmed. Pope, P. J., and Barnes, J., concur.*

DECIDED MAY 31, 2002.

*Johnson, Word & Simmons, Gerald P. Word*, for appellant.

*Peter J. Skandalakis, District Attorney, Tara M. Wilson, Assistant District Attorney*, for appellee.

[9] Id.

[10] 274 Ga. 582, 584-585 (5) (555 SE2d 701) (2001).