## A02A1873. THE STATE v. WARE.
(574 SE2d 632)

JOHNSON, Presiding Judge.

At the age of fourteen, Nathan Ware was charged in superior court with having committed two counts of aggravated child molestation and one count of sexual battery upon his ten-year-old cousin, one count of child molestation upon his nine-year-old cousin, and one count of child molestation upon his eleven-year-old cousin. Citing Ware's immaturity, his lack of previous trouble with the law or in school, and the circumstances surrounding the charged incidents, Ware moved to transfer the case to juvenile court.

After hearing testimony from Ware's father, an investigator, and a therapist, the trial court granted the motion to transfer the case, noting that the "youth of the child" made the case "extraordinary" within the meaning of OCGA § 15-11-28 (b) (2) (B), which allows transfers of certain types of cases to juvenile court after investigation if "extraordinary" cause exists. The court stated that if the case was not transferred to juvenile court, Ware's case would receive a standard rather than "a tailor-made approach." According to the judge, the circumstances of this case warrant a transfer. The judge added that "the purpose of all this is justice," and that the "ten-year mandatory minimum" sentence required in superior court would not be appropriate here. The state appeals from this order.[1]

Generally, the juvenile court has exclusive original jurisdiction over actions concerning a child who is alleged to be delinquent.[2] If adjudicated delinquent, the juvenile may be required to comply with treatment or rehabilitation, rather than be committed to a penal institution.[3]

Since 1994, Georgia's superior courts have had exclusive jurisdiction over the trial of any child thirteen to seventeen years of age who is alleged to have committed any one of seven violent offenses,

---

[1]. See OCGA § 5-7-1 (a) (6).
[2] See OCGA § 15-11-28 (a).
[3] See *In the Interest of M. D.*, 233 Ga. App. 261, 263 (2) (b) (503 SE2d 888) (1998).

including aggravated child molestation.[4] However, OCGA § 15-11-28 (b) (2) (B) authorizes a superior court, "after investigation and for extraordinary cause[,]" to transfer to the juvenile court any case involving one of the enumerated violent offenses which is not punishable by loss of life, imprisonment for life without possibility of parole, or confinement for life in a penal institution. Because aggravated child molestation is punishable by ten to thirty years imprisonment, it is one of the transferable offenses.[5]

The term "extraordinary cause" is not defined in OCGA § 15-11-28 (b) (2) (B). Nor have we found any cases defining the term as it is used in the statute. It is important to bear in mind the principle that the Juvenile Court Code is to be liberally construed,[6] and to recognize that the Code is concerned with the care, guidance, and well-being of children, including the need for treatment and rehabilitation.[7]

In this case, a licensed therapist testified that the 14-year-old child was socially immature and irresponsible, that he preferred activities typically enjoyed by younger children, that his friends were younger, and that he was comfortable hanging around 11- or 12-year-old children. The therapist further stated that Ware, who had not been in trouble before, would not benefit from incarceration, but would benefit from counseling and rehabilitation.

Ware's chronological age is at the lower end of the statute's thirteen- to seventeen-year age range, and there was evidence that Ware's maturity level fell one or two years below the minimum age for trial in superior court. The superior court judge stated that he was concerned with Ware's youth, and that he believed Ware would benefit from the more tailored approach available in the juvenile justice system.

It is clear that the legislature intended to give superior court judges discretion in deciding whether to transfer certain types of cases to juvenile court. For instance, it provided in OCGA § 15-11-28 (b) (2) (B) that "the superior court *may* after investigation and for extraordinary cause transfer any case . . ." to juvenile court.[8] And, rather than delineating the particular circumstances which would justify a transfer, the legislature left the issue open. Apparently, the legislature believed that superior court judges, with their experience and knowledge in such matters, were in the best position to determine which forum would be most appropriate in each case. In this case, the learned and experienced superior court judge heard the evi-

---

[4] OCGA § 15-11-28 (b) (2) (A).

[5] See OCGA § 16-6-4 (d).

[6] See OCGA § 15-11-1.

[7] *In the Interest of M. D.*, supra.

[8] (Emphasis supplied.)

dence and determined that Ware's case should be heard in juvenile court. The state has not shown that the superior court judge abused his discretion in reaching that decision.[9]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED NOVEMBER 22, 2002.

*Garry T. Moss, District Attorney, Cecelia Harris, Assistant District Attorney,* for appellant.

*Gilder H. Howard, Sr., Michael E. McLaughlin,* for appellee.

---

[9] See generally *Reynolds v. State,* 266 Ga. 235, 236-237 (2) (466 SE2d 218) (1996).