## A04A2293. THE STATE v. HARPER.
(610 SE2d 699)

PHIPPS, Judge.

The state appeals from a superior court order transferring this criminal case against Rodriques Harper to juvenile court under OCGA § 15-11-28 (b) (2) (B). We agree with the state that the superior court had no authority to do so, and we therefore reverse.

An indictment returned in superior court charged Harper and Joshua Person with armed robbery by use of a handgun on July 26, 2003. At the time of the crime, Harper and Person were 15 years old. Two other individuals, both fourteen years old at the time of the incident, also participated in the robbery. Their cases were handled in juvenile court.

In reliance upon OCGA § 15-11-28 (b) (2) (B), Harper filed a motion to transfer the case against him to juvenile court. At a hearing, Harper's attorney argued that there was no basis for treating Harper differently from other participants in the crime whose cases had been handled in juvenile court.

In response, the prosecuting attorney explained that the two minors whose cases had been handled in juvenile court had been less culpable.[1] The prosecuting attorney also argued that, because Harper had already been indicted for armed robbery by use of a handgun, the superior court thus had exclusive jurisdiction over him.

Each of the four participants had given a statement to police. Collectively, the statements showed without conflict that on the evening in question the four minors were at Person's home. Person used his telephone to order a pizza. When the pizza deliveryman parked outside Person's residence, Person approached him, pointing a gun at him. Harper, who was holding a baseball bat, began rummaging through the deliveryman's car. One fourteen-year-old also rummaged through the car, and the other fourteen-year-old searched the deliveryman's pockets. Harper admitted in his statement that "the gun was mine" and that "I had a baseball bat." Money and pizza were taken from the deliveryman.

Granting the motion in reliance on OCGA § 15-11-28 (b) (2) (B), the superior court ruled,

The court hereby finds that the district attorney having reduced the felony charge from Armed Robbery to Robbery,

---

[1] At a previous hearing, a prosecuting attorney stated that "[the 14-year-olds] were handled in juvenile court, because they did not have any weapons."

and the court, after indictment, having conducted an investigation, hereby finds extraordinary cause to transfer the Robbery case to . . . [j]uvenile court.

1. The state contends that the court erred in finding that the district attorney had reduced the armed robbery charge to robbery, asserting that the record does not support that finding. Harper cites to no support, and we find none.

The transcripts of two pretrial hearings show that the state entered into plea negotiations with both Harper and Person and that the offers the state made to them contemplated a reduction of the charge from armed robbery to robbery contingent upon particular confinements. Neither Harper nor Person accepted an offer. They complained that the confinement sentences recommended by the state were excessive, especially when compared to those offered to the two co-perpetrators whose cases had been handled in juvenile court.

"It is well settled that a plea bargain agreement is a contract under Georgia law which binds both the prosecutor and defendant."[2] However, the consent of each party is essential to a contract; until each has assented to all terms, there is no binding contract; until assented to, each party may withdraw his proposition.[3] Nothing in the record shows that Harper accepted the state's offer in its entirety, and the unaccepted offer did not obligate the district attorney to reduce the charge against Harper to robbery.[4]

The court erred in finding that the district attorney had reduced the charge against Harper to robbery. As the state's attorney reminded the court during the motion to transfer hearing, the charge against Harper was armed robbery.

2. The state contends that the superior court did not have authority to transfer this case to juvenile court.

The superior courts of Georgia have exclusive jurisdiction over the trial of any child thirteen to seventeen years of age who is alleged to have committed any one of the seven offenses listed in OCGA § 15-11-28 (b) (2) (A),[5] which includes "[a]rmed robbery if committed with a firearm."[6] After indictment, OCGA § 15-11-28 (b) (2) (B) authorizes a superior court to transfer to the juvenile court "after investigation and for extraordinary cause . . . any [offense enumerated in OCGA § 15-11-28 (b) (2) (A)] which is not punishable by loss

---

[2] (Footnote omitted.) *City of Baldwin v. Barrett*, 265 Ga. 489, 490 (458 SE2d 619) (1995).

[3] *Sparks v. State*, 232 Ga. App. 179, 182-183 (3) (c) (501 SE2d 562) (1998).

[4] Id.

[5] See *State v. Ware*, 258 Ga. App. 564 (574 SE2d 632) (2002).

[6] OCGA § 15-11-28 (b) (2) (A) (vii).

of life, imprisonment for life without possibility of parole, or confinement for life in a penal institution."[7]

As decided in Division 1,[8] at the time of the contested order, the charge against Harper was armed robbery. Armed robbery is punishable by life imprisonment.[9] Because it is not therefore one of the transferable offenses, the trial court was without the authority of OCGA § 15-11-28 (b) (2) (B) to transfer the case from superior court to juvenile court.[10]

3. Harper argues that OCGA § 15-11-28 (b) (2) (C) violates the due process and equal protection provisions of the federal and state constitutions. He complains that it allowed his case to be heard by the superior court, while the cases of other participants in the same crime were handled in juvenile court, and that the Code section allowed the different treatment without providing a hearing. OCGA § 15-11-28 (b) (2) (C) provides, "[b]efore indictment, the district attorney may, after investigation and for extraordinary cause, decline prosecution in the superior court of a child 13 to 17 years of age alleged to have committed an offense specified in [OCGA § 15-11-28 (b) (2) (A)]," which includes "[a]rmed robbery if committed with a firearm."[11]

The record shows that the superior court's ruling appealed from was based upon the court's finding that the charge against Harper had been reduced to robbery. The court made no ruling upon the constitutionality of OCGA § 15-11-28 (b) (2) (C). Constitutional questions not specifically ruled upon by the trial court are not properly before this court.[12]

*Judgment reversed. Johnson, P. J., and Smith, P. J., concur.*

DECIDED FEBRUARY 23, 2005.

*Jeffrey H. Brickman, District Attorney, Gregory K. Schwarz, Assistant District Attorney,* for appellant.
*Curtis W. Miller,* for appellee.

---

[7] (Punctuation omitted.) *Ware,* supra at 565.

[8] Supra.

[9] OCGA § 16-8-41 (b); see *Williams v. State,* 214 Ga. App. 421, 422 (4) (447 SE2d 714) (1994). Although OCGA § 16-8-41 (b) specifies that armed robbery may also be punishable by death, the Supreme Court of Georgia has held that the death penalty may no longer be imposed for armed robbery alone. See *Collins v. State,* 239 Ga. 400, 402 (2) (236 SE2d 759) (1977).

[10] Compare *Ware,* supra.

[11] OCGA § 15-11-28 (b) (2) (A) (vii).

[12] See *Hardison v. Haslam,* 250 Ga. 59, 60-61 (3) (295 SE2d 830) (1982); *Bain v. State,* 258 Ga. App. 440, 445 (3) (574 SE2d 590) (2002).