## A05A1168. HALL v. THE STATE.
(619 SE2d 344)

RUFFIN, Chief Judge.

Following a bench trial, the court found Kasey Hall guilty of armed robbery.[1] On appeal, Hall challenges the sufficiency of the evidence. Hall also contends that he received ineffective assistance of counsel because his attorney did not seek to have the case transferred to the juvenile court. For reasons that follow, we find these enumerations of error lack merit and affirm.

1. "On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence."[2] Viewed in this manner, the record shows that on the morning of June 22, 2003, Hall and Michael Apple entered a Hollywood Video rental store. Laura Rodriguez was the only employee in the store at that time. After walking in and out of the store with Apple for roughly 20 minutes, Hall approached Rodriguez at the counter with several DVDs. When Rodriguez began to use the register, Apple stepped behind her, put a gun to her back, and ordered her to walk to the back of the store. Once there, Apple bound her hands and feet with red duct tape and demanded the code to the safe. Rodriguez gave him a false code and, while Hall and Apple were unsuccessfully attempting to open the safe, removed the tape on her hands and feet. She fled the store through an emergency exit in the back, triggering an audible alarm, then ran to the front of the store. After Rodriguez saw Hall and Apple fleeing the store, she returned and called the police.

Police quickly located a barefoot Hall and Apple at a nearby Kroger grocery store. Within 15 minutes of the crime, Rodriguez was brought to the store, where she positively identified the two as the perpetrators. After searching the area near the store, police found a handgun, red duct tape, and two pairs of shoes nearby. Several Hollywood Video DVDs were also seen in the area, but disappeared before police could collect them as evidence. Based on this evidence, Hall was found guilty.[3]

On appeal, Hall challenges the sufficiency of the evidence supporting his conviction. Though his argument is not entirely clear, Hall seems to contend that the evidence was insufficient to establish that he was a participant in the armed robbery. Hall further argues that there was insufficient evidence for the factfinder to conclude that the offense was completed. We disagree. "An appellate court does not

---

[1] Hall was also charged with kidnapping and aggravated assault, but the court acquitted him of these charges.

[2] (Punctuation omitted.) *Martin v. State*, 256 Ga. App. 527 (568 SE2d 754) (2002).

[3] Apple entered a plea before trial.

weigh the evidence or determine witness credibility but only determines whether the evidence to convict is sufficient. . . ."[4] So long as there is competent evidence supporting each fact necessary to the State's case, the factfinder's verdict will be upheld.[5]

Although Hall contends that there was insufficient evidence to establish that he participated in the armed robbery, the security camera recorded Hall near the safe with Apple standing beside him. Rodriguez testified that she could hear the beeps of the buttons on the safe being pressed while she was in the back of the store. Given this evidence, the factfinder was authorized to conclude that Hall was actually entering the code and thus was a participant in the armed robbery, rather than a mere bystander.[6]

Hall also argues that there was insufficient evidence that the armed robbery was completed. "A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon. . . ."[7] Hall specifically argues that the State failed to prove that anything was taken from the store and that the evidence thus did not exclude every reasonable hypothesis save the appellant's guilt. However, the reasonableness of hypotheses is generally a question for the factfinder who heard the evidence. "[W]here the [factfinder] is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, that finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law."[8]

Rodriguez testified that Hall approached her with DVDs in hand just before Apple held her at gunpoint. Hollywood Video DVDs were later seen near the Kroger store where police apprehended Hall and Apple. Police also found a handgun, a roll of red duct tape similar to the one used to restrain Rodriguez, and two pairs of shoes in the same area. This evidence is sufficient for a rational finder of fact to conclude that Hall and Apple took the DVDs from the store.[9]

2. Hall, who was 16 at the time of the crime, further contends that he received ineffective assistance of trial counsel because his attorney did not petition to have the case transferred to juvenile court. An appellant claiming ineffective assistance of counsel must show both that counsel's performance was deficient and that the deficiency

---

[4] *Lewis v. State*, 249 Ga. App. 812, 813 (1) (549 SE2d 732) (2001) (*Lewis I*).

[5] See id.

[6] See *Overstreet v. State*, 250 Ga. App. 336, 338 (1) (551 SE2d 748) (2001).

[7] OCGA § 16-8-41 (a).

[8] *Robbins v. State*, 269 Ga. 500, 501 (1) (499 SE2d 323) (1998).

[9] See *Lewis v. State*, 247 Ga. App. 808, 809-810 (1) (545 SE2d 381) (2001).

prejudiced the outcome of the trial.[10] Failure to satisfy either part of the standard is fatal to the claim.[11] A trial court's ruling on the effectiveness of counsel will not be reversed unless it is clearly erroneous.[12]

The trial court's ruling that Hall's counsel provided effective assistance was not clearly erroneous. Indeed, Hall was not entitled to have his case transferred to juvenile court, and thus his attorney could not have succeeded on such a petition. The superior court has original jurisdiction over individuals between 13 and 17 years of age who have been charged with any of seven offenses, including armed robbery committed with a firearm.[13] Though the superior court has the option to transfer some of these cases to the juvenile court for "extraordinary cause," the court may not do so when the alleged crime is one punishable by imprisonment for life,[14] such as armed robbery.[15] Accordingly, a case involving armed robbery, like the one before us, cannot be transferred to the juvenile court.[16] Because Hall's case could not have been transferred, his attorney cannot be deemed ineffective for having failed to request that such transfer be made.[17]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED JULY 29, 2005.

*Robert H. Alexander III*, for appellant.

*Patrick H. Head, District Attorney, Grady A. Moore, Amelia G. Pray, Assistant District Attorneys*, for appellee.

---

[10] See *Lewis I*, supra at 815 (5).

[11] See id.

[12] See id.

[13] See OCGA § 15-11-28 (b) (2) (A).

[14] See OCGA § 15-11-28 (b) (2) (B).

[15] See OCGA § 16-8-41 (b).

[16] See *State v. Harper*, 271 Ga. App. 761, 762-763 (2) (610 SE2d 699) (2005) (finding that armed robbery is not a transferable offense). Compare *State v. Ware*, 258 Ga. App. 564 (574 SE2d 632) (2002) (affirming the superior court's transfer of a case involving a juvenile accused of an offense punishable only by ten to thirty years imprisonment to juvenile court).

[17] See *Owens v. State*, 271 Ga. App. 365, 370 (5) (609 SE2d 670) (2005) ("Failure to make a meritless or futile objection or motion cannot be evidence of ineffective assistance.").