A10A0197. McCLAM v. THE STATE.
(698 SE2d 358)

BERNES, Judge.

Eugene McClam was convicted by a jury of aggravated stalking and was sentenced as a recidivist to ten years, seven to serve in confinement. Subsequent to his trial, McClam sought to enter into a post-conviction agreement with the state under which he offered to testify against a fellow inmate in exchange for a lesser sentence of seven years, two to serve. Although the state declined McClam's offer to testify, the fellow inmate allegedly discovered McClam's identity as a potential informant against him. According to McClam, the inmate caused McClam to be subjected to additional threats and violence. McClam thereafter filed a "motion to enforce agreement," in which he argued that he was entitled to a reduced sentence in light of the disclosure of his identity, regardless of whether the state called upon him to testify against the other inmate. The trial court denied McClam's motion.

On appeal, McClam argues that the trial court erred in failing to grant his motion because either (a) he had formed a binding

---

[2] Manning's motion for the imposition of frivolous appeal sanctions is denied.

contractual agreement with the state; or (b) he was entitled to be equitably compensated for an alleged benefit the state derived from his offer to testify. We disagree with both assertions.

(a) It is true that a sentencing agreement, like a plea agreement, may constitute a binding contract under Georgia law. See *Hooks v. State*, 284 Ga. 531, 534 (2) (668 SE2d 718) (2008), overruled on other grounds, *Williams v. State*, 287 Ga. 192 (695 SE2d 244) (2010). See also *State v. Hanson*, 249 Ga. 739, 745 (3) (295 SE2d 297) (1982) ("[P]ublic policy and the great ends of justice require that the arrangement between the public prosecutor and the defendant be carried out[.]") (punctuation omitted). But, "[t]he consent of the parties being essential to a contract, until each has assented to all the terms, there is no binding contract[.]" (Citation and punctuation omitted.) *Sparks v. State*, 232 Ga. App. 179, 182-183 (3) (c) (501 SE2d 562) (1998). See *State v. Harper*, 271 Ga. App. 761, 762 (1) (610 SE2d 699) (2005). See also OCGA §§ 13-3-1, 13-3-2.

Here, the record failed to establish that the state ever assented to McClam's offer to testify, or that it ever assented to McClam's proposed consideration, i.e., the terms of McClam's reduced sentence. After receiving McClam's offer, the prosecutor met with McClam, and concluded that he lacked credibility and would therefore likely not be an effective witness for the state.[1] The state thereafter notified McClam's counsel that it did not intend to use McClam as a witness in the case against his fellow inmate and did not engage McClam or his counsel in any negotiations for a reduced sentence. It simply cannot be said that the parties assented to all the terms of an agreement or that a binding contract was formed. Cf. *Scott v. State*, 302 Ga. App. 111, 114-115 (3) (690 SE2d 242) (2010); *Harper*, 271 Ga. App. at 762 (1); *Sparks*, 232 Ga. App. at 183 (3) (c).

(b) McClam argues nonetheless that the information he provided "gave the [s]tate an upper hand in its negotiation with" the second inmate, who ultimately entered a guilty plea to one of the two charges pending against him. McClam argues that this benefit equitably entitled him to a reduced sentence.

Aside from the fact that McClam cites no legal authority for his proposition, his contentions are not supported by the record. The prosecutor testified that the state derived no benefit from McClam's unilateral, unsolicited offer to testify. And McClam did not present any evidence beyond mere speculation to rebut the prosecutor's testimony or to show that the inmate's knowledge of McClam's

---

[1] The prosecutor testified that McClam had made at least one other offer to a different prosecutor to testify against at least one other inmate, causing her concern that he "was offering himself up as a witness for hire."

identity as a potential informant motivated the inmate to plead guilty. It follows that the trial court did not err in concluding that McClam was not entitled to an equitable reduction of his sentence. Cf. *Render v. State*, 266 Ga. 490, 492 (3) (467 SE2d 528) (1996). Compare *Hanson*, 249 Ga. at 746-747 (3).

Judgment affirmed. *Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

### DECIDED JULY 7, 2010.

*James C. Bonner, Jr.*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.