A95A1202. REYNOLDS v. THE STATE.
(458 SE2d 855)

BLACKBURN, Judge.

Chadwick Eugene Reynolds, a juvenile, was indicted in superior court on two counts of aggravated child molestation, two counts of aggravated sodomy, and five counts of child molestation. Reynolds appeals his conviction by a jury of four counts of child molestation.

1. In his first enumeration of error, Reynolds contends the trial court erred in overruling his motion to transfer his case to juvenile court. Reynolds asserts that his case should have been transferred to juvenile court pursuant to OCGA § 15-11-5 (b) (2) (B) because the State introduced evidence of offenses which occurred prior to the effective date of OCGA § 15-11-5 (b) (2) (A) which gave exclusive jurisdiction to superior court over aggravated sodomy and aggravated child molestation charges.

OCGA § 15-11-5 (b) (2) (A), as enacted by Ga. L. 1994, p. 1012, § 14 and became effective May 1, 1994, applies to all offenses committed on or after that date, and provides, in relevant part, that "[t]he superior court shall have exclusive jurisdiction over any matter concerning any child 13 to 17 years of age who is alleged to have committed . . . [a]ggravated sodomy [or] [a]ggravated child molestation." OCGA § 15-11-5 (b) (2) (B) provides that the superior court *may* transfer any case brought in superior court pursuant to subsection (A) if the offense charged "is not punishable by loss of life, imprisonment for life without possibility of parole, or confinement for life in a penal institution."

In the present case, on July 29, 1994, the nine-year-old victim told her father that Reynolds had molested her. Although the evidence was not specific as to the exact date each act of aggravated molestation and sodomy occurred, it did indicate that such acts occurred during the summer months of 1994. The superior court obtained exclusive jurisdiction over Reynolds, pursuant to OCGA § 15-11-5 (b) (2) (A), upon the allegations of aggravated sodomy and aggravated child molestation against him. Thereafter, the trial court is required to find "extraordinary cause" to exercise its discretion to transfer the case to juvenile court. See OCGA § 15-11-5 (b) (2) (B).

Such extraordinary cause is not presented by evidence of other acts not within the exclusive jurisdiction of the superior court. In

*Worthy v. State*, 253 Ga. 661 (324 SE2d 431) (1985), the defendant was convicted in superior court of murder and theft by taking. On appeal, the defendant contended "that because he was a juvenile the superior court had no jurisdiction over the theft by taking count." Id. at 661. The Georgia Supreme Court held "that the concurrent jurisdiction of the superior court over capital felonies committed by juveniles must necessarily extend to related lesser crimes which are part of the same criminal transaction. To rule otherwise would be to bisect criminal conduct artificially and require the state to follow two procedures with no substantive meaning other than to satisfy procedural requirements, with the end result that the case involving the lesser crime would be instituted in juvenile court and transferred to the superior court, OCGA § 15-11-39, and the juvenile would still be tried for the lesser crime along with the crime giving the superior court concurrent jurisdiction. There is no loss of substantive protection of the juvenile, and the public's rights should not be impeded by meaningless procedural steps which delay the judicial process and conceivably could lead to the frustration of justice under the rigorous requirements of the double jeopardy clause." Id. at 662.

The Supreme Court's analysis in *Worthy* applies equally to the present case. As the superior court properly asserted jurisdiction over Reynolds with regard to the allegations of aggravated child molestation and aggravated sodomy occurring after the effective date of OCGA § 15-11-5 (b) (2) (A), any other offenses were also properly brought in the same court at the same time. The trial court did not abuse its discretion by overruling Reynolds' motion to transfer his case to juvenile court.

2. Reynolds contends the trial court erred in denying his motion to limit the jury's consideration to those acts occurring on or after May 1, 1994. This enumeration of error is a restatement of Reynolds' first enumeration and also controlled by *Worthy*, supra.

3. Reynolds asserts the trial court erred in overruling his motion to transfer the case to juvenile court after he was acquitted of the aggravated child molestation and aggravated sodomy charges. OCGA § 15-11-5 (b) (2) (D) provides "[t]he superior court *may* transfer any case involving a child 13 to 17 years of age alleged to have committed any offense enumerated in subparagraph (A) of this paragraph and convicted of a lesser included offense not included in subparagraph (A) of this paragraph to the juvenile court of the county of the child's residence for disposition. Upon such a transfer by the superior court, jurisdiction shall vest in the juvenile court and jurisdiction of the superior court shall terminate." (Emphasis supplied.)

Again, Reynolds argues that the trial court abused its discretion in failing to transfer his case because the evidence and the jury charge authorized the jury to convict him of offenses committed prior to the

effective date of the statute giving the superior court exclusive jurisdiction. As we discussed in Division 1, the trial court properly exercised jurisdiction over Reynolds, and all charges brought against him. Therefore, absent an abuse of discretion, which Reynolds failed to show, the trial court properly denied Reynolds' motion to transfer brought after the verdict.

4. Reynolds contends the trial court erred in instructing the jury that Reynolds could be convicted of any offense occurring within seven years if it occurred after his thirteenth birthday. Through this enumeration, Reynolds again attacks the subject matter jurisdiction of the superior court over any acts which occurred prior to May 1, 1994. See Division 1.

5. In his final enumeration of error, Reynolds asserts the trial court erred in finding his statement during interrogation to be voluntary and admissible.

In *Riley v. State*, 237 Ga. 124 (226 SE2d 922) (1976), the Georgia Supreme Court enumerated several factors which must be considered in determining whether a juvenile's statement was voluntarily given: "(1) age of the accused; (2) education of the accused; (3) knowledge of the accused as to both the substance of the charge and the nature of his rights to consult with an attorney and remain silent; (4) whether the accused is held incommunicado or allowed to consult with relatives, friends or an attorney; (5) whether the accused was interrogated before or after formal charges had been filed; (6) methods used in interrogations; (7) length of interrogations; (8) whether vel non the accused refused to voluntarily give statements on prior occasions; and (9) whether the accused has repudiated an extra judicial statement at a later date." (Citations and punctuation omitted.) Id. at 128.

During the *Jackson-Denno* hearing, Detective West with the Walker County Sheriff's Department testified that she told Reynolds' grandmother that she needed to talk to Reynolds. Reynolds' grandmother brought him to Detective West's office, and she was present during Detective West's entire 40-minute interview with Reynolds. Detective West informed Reynolds of his *Miranda* rights, established he could read and write, and was in the eighth grade. Reynolds was 14 years old at the time of the interview. Reynolds signed the *Miranda* form and agreed to talk to Detective West without an attorney. Upon being confronted with the victim's allegations, Reynolds initially denied any involvement with the victim. However, after Reynolds' grandmother indicated that Reynolds would take a polygraph test, Reynolds admitted that he had engaged in certain sexual acts with the victim, but that the victim had initiated the acts. At trial, both Reynolds and his grandmother denied that he made the statements attributed to Reynolds.

" 'The question of whether . . . a defendant is capable or incapa-

ble of making a knowing and intelligent waiver of his rights is to be answered by the trial judge and will be accepted by this court unless such determination is clearly erroneous.' [Cit.]" *Marshall v. State,* 248 Ga. 227, 231 (282 SE2d 301) (1981). Reynolds' main objection is that he was not informed of the charges brought against him. However, prior to making any statement, Reynolds was informed of the victim's allegations which he denied. Despite his knowledge of the victim's allegations, Reynolds continued to discuss the allegations. After review of the totality of the circumstances surrounding Reynolds' statements, we conclude that the trial court's findings were not clearly erroneous.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 18, 1995 —
RECONSIDERATION DENIED JUNE 9, 1995 — ▮▮▮▮▮▮▮▮▮▮

*Little & Adams, Robert B. Adams,* for appellant.
*Ralph L. Van Pelt, Jr., District Attorney, Christopher A. Arnt, Assistant District Attorney,* for appellee.