S95G1536. REYNOLDS v. THE STATE.
(466 SE2d 218)

SEARS, Justice.

We granted certiorari in this case in order to consider whether the appellant's motions to transfer this case from the superior court to the juvenile court were properly denied, and whether this case is controlled by the reasoning of *Worthy v. State.*[1] Because we agree with the Court of Appeals that the motions to transfer were properly denied, and that the reasoning of *Worthy* controls, we affirm.

Appellant, a juvenile, was indicted in November 1994 on charges of aggravated sodomy, aggravated child molestation, and child molestation. The indictment was based upon a continuing series of acts which occurred both before and after May 1, 1994. OCGA § 15-11-5 (b) (2) (A) ("subsection (b) (2) (A)"), which gives the superior court exclusive jurisdiction over juveniles alleged to have committed, inter alia, aggravated child molestation and aggravated sodomy, became effective on May 1, 1994.

Before trial commenced, appellant moved to transfer the case to juvenile court under OCGA § 15-11-5 (b) (2) (B), which authorizes the superior court to transfer cases under its jurisdiction pursuant to subsection (b) (2) (A) to the juvenile court "upon investigation and for extraordinary cause." Appellant's motion was denied.

At the conclusion of the State's evidence, the appellant moved the court to limit the jury's consideration to only those offenses charged that were alleged to have occurred after May 1, 1994, the effective date of subsection (b) (2) (A). That motion, too, was denied.

The jury found appellant guilty of child molestation, and not guilty of aggravated child molestation and aggravated sodomy. Because child molestation is not within the exclusive jurisdiction of the superior court under subsection (b) (2) (A), appellant moved to have the case transferred to the juvenile court for final disposition, pursuant to OCGA § 15-11-5 (b) (2) (D). That motion was denied as well.

[1] 253 Ga. 661 (324 SE2d 431) (1985).

The Court of Appeals affirmed.[2]

1. In *Worthy*, which was decided before the enactment of subsection (b) (2) (A), this Court held that the concurrent jurisdiction vested at that time in the superior courts over capital felonies committed by juveniles necessarily extended to related lesser crimes that were part of the same criminal transaction as the capital crime. In *Worthy*, the superior court had asserted jurisdiction over a juvenile defendant accused of both murder and theft. On appeal, the juvenile argued that while the superior court had jurisdiction over the murder charge, it did not have jurisdiction over the theft charge. This Court disagreed, reasoning that:

> the concurrent jurisdiction of the superior court over capital felonies committed by juveniles must necessarily extend to related lesser crimes which are part of the same criminal transaction. To rule otherwise would be to bisect criminal conduct artificially and require the state to follow two procedures with no substantive meaning other than to satisfy procedural requirements, with the end result that the case involving the lesser crime would be instituted in juvenile court and transferred to the superior court, OCGA § 15-11-39, and the juvenile would still be tried for the lesser crime along with the crime giving the superior court concurrent jurisdiction. There is no loss of substantive protection of the juvenile, and the public's rights should not be impeded by meaningless procedural steps which delay the judicial process and conceivably could lead to the frustration of justice under the rigorous requirements of the double jeopardy clause.[3]

2. Under this reasoning, the superior court did not err in denying appellant's motions. At the outset, we note that the superior court properly asserted jurisdiction over appellant with regard to the charges of aggravated child molestation and aggravated sodomy,[4] as well as the lesser offense of child molestation, which was part of the same criminal transaction as the two greater offenses.[5]

Appellant claims that the superior court erred in denying his first motion to transfer, because "extraordinary cause" warranting a transfer to juvenile court under § 15-11-5 (b) (2) (B) existed. Appellant bases this claim upon the fact that some of the criminal acts of which he stood accused were alleged to have occurred before May 1, 1994,

---

[2] *Reynolds v. State*, 217 Ga. App. 570 (458 SE2d 855) (1995).
[3] 253 Ga. at 662.
[4] See OCGA § 15-11-5 (b) (2) (A).
[5] See 253 Ga. at 662.

the effective date of subsection (b) (2) (A). However, the logic of *Worthy* persuades us that the superior court did not err in denying appellant's first motion. The reasoning of *Worthy* establishes that the superior court is not divested of jurisdiction merely because some, but not all, evidence of criminal acts is beyond the scope of the superior court's jurisdiction, so long as that evidence stems from the same criminal transaction which vests the superior court with jurisdiction.[6] Accordingly, we reject appellant's first enumeration. For this same reason, we also find that the trial court did not err in denying appellant's motion to limit the evidence considered by the jury to only that occurring after May 1, 1994.

Furthermore, we find that the superior court did not abuse its discretion in denying appellant's second motion to transfer, which was made after the jury's verdict. OCGA § 15-11-5 (b) (2) (D) states that "the superior court *may* transfer any case involving a [juvenile] alleged to have committed any offense enumerated in [subsection (b) (2) (A)] and convicted of a lesser included offense not included in [subsection (b) (2) (A)] to the juvenile court." (Emphasis supplied.) Because the superior court had heard all of the evidence in the case, it was in the best position to impose sentence for the crime of which appellant was convicted. Therefore, it is likely that in this particular case, a transfer solely for the purpose of disposition after conviction would have done little more than impede the judicial process with procedural steps.[7] It follows that the superior court did not abuse its discretion in denying appellant's second motion to transfer.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 12, 1996.

*Little & Adams, Robert B. Adams,* for appellant.
*Ralph Van Pelt, Jr., District Attorney, Christopher A. Arnt, Assistant District Attorney,* for appellee.

---

[6] See id.
[7] See 253 Ga. at 662.