## A99A0344. HOUSTON v. THE STATE.
### (517 SE2d 357)

POPE, Presiding Judge.

Joseph Houston, a juvenile, was charged as an adult with armed robbery and aggravated assault. He denied the charges and was tried before a jury, which returned guilty verdicts on both counts. The trial court sentenced Houston to serve 12 years. Houston appeals.

1. Houston's claim that the evidence is insufficient to support the convictions is without merit. At trial, Bill Sparks and Maggie Scott testified that early one morning near Sparks' apartment they were accosted by three men, one of whom had a gun. The gunman pointed the weapon at Sparks' face and demanded his money. After Sparks showed the robbers that he did not have any money, the robbers took Scott's wallet. Two of the robbers then walked away while the gunman forced Sparks and Scott to walk to a secluded area near the apartment building. The gunman left the victims in the secluded area and ran to the getaway car. Neither Scott nor Sparks could definitively identify Houston as one of the robbers, but Sparks testified that Houston looked like the gunman.

One of the robbers, Terry Evans, identified Houston at trial as the gunman and as the one who took Scott's wallet. Evans' former girlfriend, Rebecca McDonald, testified that during the robbery she and a friend waited in the getaway car. After the robbery Houston returned to the car with a pocketbook and explained how he had taken it from a woman. Houston did not present any evidence.

Having reviewed the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found Houston guilty beyond a reasonable doubt of armed robbery of Scott and aggravated assault of Sparks. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *White v. State*, 267 Ga. 523 (1) (481 SE2d 804) (1997).

2. Contrary to Houston's enumerated error, the court correctly ruled that Houston could not impeach a witness by showing only that she had been arrested without showing a certified copy of conviction.

> A witness may be impeached by showing a conviction of a crime of moral turpitude. Specific instances of misconduct may not be used to impeach a witness's character or credibility, unless the misconduct has resulted in conviction of such a crime. A mere indictment or a charge or an arrest or a trial and acquittal are not legal methods of impeachment. The proper method of proving the conviction is by introducing a certified copy.

(Citations and punctuation omitted.) *Smith v. State*, 222 Ga. App. 366, 369-370 (4) (474 SE2d 272) (1996). The trial court thus did not err in limiting Houston's attempted impeachment of the witness. See *Howard v. State*, 204 Ga. App. 743-745 (1) (420 SE2d 594) (1992).

3. Houston complains that during his questioning of a witness the court misstated the law in front of the jury by commenting that a person who knows of a crime after it happens is not a party to the crime. Although incomplete, the comment was not an inaccurate statement of the law of parties to a crime. "An accessory after the fact is not a party to the crime under OCGA § 16-2-21, but the act constitutes the separate offense of obstruction of justice under OCGA § 16-10-24. . . ." *Martinez v. State*, 222 Ga. App. 497, 499 (2) (474 SE2d 708) (1996). Accordingly, the court's statement was not erroneous.

Moreover, defense counsel did not object at the time of the court's statement, and thus the issue was not preserved for appeal. See *Davis v. State*, 234 Ga. 730, 731 (2) (218 SE2d 20) (1975); *Betsill v. State*, 185 Ga. App. 755 (365 SE2d 548) (1988). Houston has failed to show any error requiring reversal of his convictions.

4. Houston argues that aggravated assault is not one of the seven felonies over which the superior court has exclusive jurisdiction when the crime is committed by a juvenile, and thus the court erroneously sentenced him for his aggravated assault conviction.[1]

> The Supreme Court rejected this same argument in *Reynolds v. State*, 266 Ga. 235, 236 (2) (466 SE2d 218) (1996), in which it held the superior court's jurisdiction over felonies designated in OCGA § 15-11-5 (b) (2) (A) extends to offenses

---

[1] OCGA § 15-11-5 (b) (2) (A) provides that the superior court has exclusive jurisdiction over the trial of any child 13 to 17 years of age who is alleged to have committed murder, voluntary manslaughter, rape, aggravated sodomy, aggravated child molestation, aggravated sexual battery or armed robbery if committed with a firearm.

committed as "part of the same criminal transaction as the . . . greater offenses." As the aggravated assault in this case was committed as part of the same criminal transaction as the greater offense of armed robbery, this enumeration of error is without merit.

*Leeks v. State*, 226 Ga. App. 227-228 (2) (483 SE2d 691) (1997). *Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED MAY 4, 1999.

*Thurmond, Mathis & Patrick, David T. Wooten*, for appellant.
*Harry N. Gordon, District Attorney, James D. Love, Assistant District Attorney*, for appellee.