A08A1284. PASCARELLA v. THE STATE.
(669 SE2d 216)

PHIPPS, Judge.

Christina Pascarella was convicted of conspiracy to commit armed robbery. Although she was 15 years old at the time of the offense she was prosecuted as an adult in superior court. On appeal, she contends that OCGA § 15-11-28 required her to be adjudicated as a juvenile delinquent. She further contends that her sentence was unconstitutional. Finding no merit in either argument, we affirm.

Viewed in the light most favorable to the conviction, the evidence showed that on April 21, 2006, Pascarella accompanied several other persons to a restaurant in a car. She and another teenaged girl entered the restaurant and purchased drinks. They then returned to the car and reported to their companions the number of people inside the restaurant. While Pascarella remained outside, two of her companions entered the back of the restaurant, brandished firearms, and demanded money. Two people inside the restaurant were shot, one of whom died.

Pascarella was indicted on seven charges, including malice murder and felony murder predicated upon, among other things, conspiracy to commit armed robbery. The jury acquitted her of six charges, but found her guilty of conspiracy to commit armed robbery. Before sentencing, Pascarella moved the superior court to transfer her case to juvenile court or, alternatively, to enter a disposition

---

[6] *Robertson*, supra at 272 (3); *Davis*, supra at 82 (2).

consistent with an adjudication of juvenile delinquency. The court denied the motion and sentenced Pascarella to ten years confinement.

1. Pascarella argues that her sentence was contrary to law, contending that OCGA § 15-11-28 required her to be adjudicated as a juvenile delinquent, not convicted and sentenced as an adult. "A void sentence results if the court imposes a punishment that the law does not allow."[1]

OCGA § 15-11-28 establishes the jurisdiction of juvenile and superior courts over matters involving juveniles. This Code section gave the superior court exclusive jurisdiction over Pascarella's trial for murder.[2] And because the conspiracy charge arose from the same criminal transaction as the murder charges, the superior court also had jurisdiction over Pascarella's trial for that offense.[3] In *Carrindine v. Ricketts*,[4] the Supreme Court of Georgia held that "an adjudication of guilt of a juvenile in superior court is a criminal adjudication," not an adjudication of delinquency.[5] Under this rule, the superior court was authorized to treat Pascarella's adjudication of guilt for a charge over which it did not have exclusive jurisdiction as a criminal adjudication, rather than an adjudication of juvenile delinquency, and to sentence her accordingly.

Pascarella argues that the rule set forth in *Carrindine* was abrogated by the later-enacted OCGA § 15-11-28 (b) (2) (D), which allows a superior court to transfer a case to juvenile court if the child was alleged to have committed an offense for which the superior court had exclusive jurisdiction but, as here, was convicted only of a lesser included offense.[6] She contends that this statutory provision required the superior court to treat her adjudication of guilt on the conspiracy charge as an adjudication of delinquency rather than a criminal conviction. But the language of OCGA § 15-11-28 (b) (2) (D) gives a superior court discretion over whether to transfer a case to juvenile court for disposition or to retain jurisdiction for sentenc-

---

[1] *Thompson v. State*, 279 Ga. App. 375, 376 (2) (631 SE2d 422) (2006) (citations and punctuation omitted).

[2] OCGA § 15-11-28 (b) (2) (A) (i).

[3] See *Houston v. State*, 237 Ga. App. 878, 879-880 (4) (517 SE2d 357) (1999).

[4] 236 Ga. 283 (223 SE2d 627) (1976).

[5] Id. at 285-286.

[6] OCGA § 15-11-28 (b) (2) (D) provides:
The superior court may transfer any case involving a child 13 to 17 years of age alleged to have committed any offense enumerated in subparagraph (A) of this paragraph and convicted of a lesser included offense not included in subparagraph (A) of this paragraph to the juvenile court of the county of the child's residence for disposition. Upon such a transfer by the superior court, jurisdiction shall vest in the juvenile court and jurisdiction of the superior court shall terminate.

ing.[7] In interpreting other provisions of OCGA § 15-11-28, we also have noted the legislature's intent to give superior court judges discretion in deciding whether to transfer certain cases to juvenile court.[8] Pascarella's proposed interpretation of the statute strips this discretion of meaning. If after choosing to retain a case rather than transferring it to juvenile court, the superior court nevertheless must adjudicate a defendant as a juvenile under OCGA § 15-11-28 (b) (2) (D), as Pascarella contends, then there is no purpose to giving the court the option of transferring the case.

We find that the superior court's decision to retain jurisdiction over Pascarella for sentencing, and its decision to sentence her as an adult, was a proper exercise of its discretion under OCGA § 15-11-28 (b) (2) (D). We therefore find that Pascarella's sentence was not void.

2. Pascarella argues that interpreting OCGA § 15-11-28 to permit her to be sentenced as an adult for conspiracy to commit armed robbery was unconstitutional because such sentence violated her due process and equal protection rights and constituted cruel and unusual punishment. We disagree.

We find no due process or equal protection violations. Pascarella did not have a constitutional right to be treated as a juvenile. "[A]ny right a defendant may have to be treated as a juvenile is not an inherent right specifically protected by the constitution, but one created by statute."[9] The applicable statute, OCGA § 15-11-28 (b) (2) (D), gave the superior court discretion concerning whether to retain its jurisdiction over the conspiracy charge after Pascarella's acquittal on the murder charges. The Supreme Court of Georgia has upheld other provisions of OCGA § 15-11-28 (b) (2) against constitutional challenges on due process and equal protection grounds,[10] and it has found no constitutional infirmity in allowing the exercise of discretion to determine whether a defendant is adjudicated as a juvenile or sentenced as an adult for an offense.[11]

Likewise, we find no violation of the prohibition against cruel and unusual punishment.

---

[7] See *Reynolds v. State*, 266 Ga. 235, 237 (2) (466 SE2d 218) (1996) (interpreting earlier version of OCGA § 15-11-28 (b) (2) (D)).

[8] See *State v. Ware*, 258 Ga. App. 564, 565 (574 SE2d 632) (2002).

[9] *Chapman v. State*, 259 Ga. 592 (1) (385 SE2d 661) (1989) (citations omitted).

[10] See *Bishop v. State*, 265 Ga. 821, 823 (2) (462 SE2d 716) (1995) (addressing former OCGA § 15-11-5, which is now OCGA § 15-11-28); *Williams v. State*, 273 Ga. App. 42, 46 (5) (614 SE2d 146) (2005); see also *Seabolt v. State*, 279 Ga. 518, 520 (1) (616 SE2d 448) (2005) (juvenile does not lose substantive protection when lesser crimes are tried in superior court along with crimes over which superior court had exclusive jurisdiction).

[11] See *State v. Henderson*, 281 Ga. 623, 624 (2) (641 SE2d 515) (2007) (finding no due process or equal protection violations in provision of juvenile code allowing prosecutor discretion to determine whether defendant is charged in superior court or in juvenile court for particular offense).

> A presumption arises when a defendant is sentenced within the statutory limits set by the legislature that such sentence does not violate the Eighth Amendment's guarantee against cruel and unusual punishment. Such presumption remains until a defendant sets forth a factual predicate showing that such legislatively authorized punishment was so overly severe or excessive in proportion to the offense as to shock the conscience.[12]

Pascarella's ten-year sentence fell within the statutory limits set by the legislature for conspiracy to commit armed robbery,[13] and we find no facts in the record demonstrating that this punishment was overly severe or excessive in proportion to the offense.

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED NOVEMBER 6, 2008 — 

*J. Daran Burns*, for appellant.

*Patrick H. Head, District Attorney, Jesse D. Evans, Amelia G. Pray, Assistant District Attorneys*, for appellee.

---

[12] *Burgos v. State*, 233 Ga. App. 897, 902 (3), n. 2 (505 SE2d 543) (1998) (citation omitted).

[13] See OCGA §§ 16-4-8 (person convicted of conspiracy to commit crime punishable by life imprisonment shall be punished by imprisonment of between one and ten years); 16-8-41 (b) (person convicted of armed robbery may be punished by life imprisonment).