## A10A0975. CUVAS v. THE STATE.
### (703 SE2d 116)

MILLER, Chief Judge.

Rosa Myra Cuvas was convicted by a jury of armed robbery (OCGA § 16-8-41), and she was sentenced to twenty years to serve ten in prison.[1] On appeal, she claims that she received ineffective assistance of trial counsel. She also contends that her sentence amounted to cruel and unusual punishment inasmuch as she was 13 years old at the time of the offense. Finding no error, we affirm.

Viewed in the light most favorable to the jury's verdict (*Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007)), the evidence showed the following. The victim, who worked as a taxi cab driver, responded to Cuvas's call for a pickup at the Willow Trail Apartments in Gwinnett County. A man got in the front seat of the taxi, and Cuvas and a second man got into the back seat.

After directing the taxi to a dimly lit residential area, the passengers ordered the victim to stop and demanded money. The man in the back seat put a gun to the victim's head and the man in the front seat took out a knife. According to the victim, Cuvas got out of the vehicle, opened the driver's side door, checked the victim's pockets, and took a cell phone.

After disconnecting the taxi's radio, and taking $20 to $30, cell phones, and the keys to the vehicle, the two men and Cuvas fled on foot. The victim reconnected the radio and called a fellow cabbie, Jose Javier, for help. After Javier arrived, another driver radioed that he had seen three people walking. Based on this information, Javier drove the victim to a location approximately a mile from the site of the robbery. The victim saw Cuvas and the two men get into a car driven by a fourth person. The victim and Javier followed the car to a residence and then called the police.

1. Cuvas claims that she received ineffective assistance of trial counsel. We are not persuaded.

> In order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that counsel performed deficiently and that the deficient performance prejudiced the defendant such that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different.

(Citation omitted.) *Coleman v. State*, 286 Ga. 291, 297 (6) (687 SE2d 427) (2009).

---

[1] She was found not guilty of two counts of possession of a firearm or knife during commission of a felony.

(a) Cuvas claims that her trial counsel rendered ineffective assistance by failing to obtain a DVD recording of Cuvas's statement to the police. We disagree.

Defense counsel testified at the hearing on motion for new trial that he had filed a discovery demand in the case and the DVD recording of Cuvas's statement was noted on the cover sheet of the State's response, but he did not receive a copy of the DVD. He spoke with the prosecutor about the DVD, who represented that it would not be presented at trial. According to defense counsel, "that's where it was left."[2] The DVD was not introduced at trial. Defense counsel did not view the DVD until shortly before the hearing on Cuvas's motion for new trial. The DVD was played for the trial court at the hearing on motion for new trial.[3]

Cuvas argues that her trial counsel did not adequately prepare for trial because he did not view the DVD beforehand. Although counsel was aware that the DVD would not be played for the jury, evidence of Cuvas's statement was introduced through the testimony of the interviewing officer. Cuvas argues that by failing to review the DVD her counsel lost an opportunity to prepare a thorough, sifting, and meaningful cross-examination of the officer.

Trial counsel testified that he cross-examined the officer who took Cuvas's statement based on notes from his discussions with Cuvas, his investigator, the officer's report, and the officer's direct testimony. He maintained that he cross-examined the officer thoroughly with the intent to show "mistruth in [the officer's] statements . . . and . . . I was able to do so."[4] Trial counsel also testified that if he had viewed the DVD before trial it would have been helpful, but he did not know if he would have asked additional questions on cross-examination. Assuming, but not deciding, that trial counsel's failure to obtain and review the actual recording of Cuvas's statement to police constituted deficient performance, Cuvas does not show she was prejudiced thereby. It follows that she failed to establish ineffective assistance of trial counsel. See *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004) (counsel not ineffective as defendant failed to show prejudice arising from counsel's alleged

---

[2] There is no indication in the record that a transcript of the DVD was prepared before trial or that a transcript was reviewed by counsel.

[3] Inasmuch as the actual DVD was not included in the record and transcripts submitted on appeal, we rely on the hearing on motion for new trial transcript in which the contents of the DVD are transcribed.

[4] In his cross-examination of the officer, trial counsel showed that the officer wrote in his report of Cuvas's interview that Cuvas would not identify who phoned for the.cab. This contrasted to the officer's testimony that Cuvas admitted to contacting the taxi. The officer also testified on direct that Cuvas had indicated she "lured" the taxi to the apartment complex. On cross-examination, the officer admitted that he had generated the term "lured" on his own.

deficient conduct).

(b) Cuvas contends her trial counsel was ineffective (i) in failing to file a pre-trial motion to suppress evidence of her statement to police based on a violation of *Miranda v. Arizona*,[5] and (ii) in failing to pursue a *Jackson-Denno*[6] hearing to challenge the voluntariness of her statement. We disagree.

"When trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion." (Citation and punctuation omitted.) *Rivers v. State*, 283 Ga. 1, 3 (b) (655 SE2d 594) (2008). The evidence showed that Cuvas spoke English, that the interviewing officer informed Cuvas of her *Miranda* rights, and that she acknowledged understanding those rights before giving her statement. Cuvas makes no showing that a motion to suppress her statement for violation of her *Miranda* rights would have been successful, and trial counsel was not ineffective for failure to pursue a motion on that ground. See *Lupoe v. State*, 284 Ga. 576, 580 (3) (f) (669 SE2d 133) (2008) (counsel's failure to file a meritless motion was not ineffective assistance).

Nor does Cuvas show that her counsel was ineffective in failing to seek a *Jackson-Denno* hearing to suppress her statement. After detailing the numerous factors considered, the trial court found at the motion hearing that if a *Jackson-Denno* hearing had been held that Cuvas's statements would have been found admissible notwithstanding that she was a minor. See *Medlin v. State*, 285 Ga. App. 709, 712 (1) (647 SE2d 392) (2007) (when determining whether to admit a minor defendant's custodial statement, the trial court should consider the totality of the circumstances). Cuvas does not otherwise establish that her statement was not freely and voluntarily given.[7] Accordingly, trial counsel's failure to insist on a *Jackson-Denno* hearing did not amount to ineffective assistance. See *Morris v. State*, 278 Ga. 710, 712 (2) (606 SE2d 258) (2004) (counsel's failure to seek a *Jackson-Denno* hearing not ineffective assistance because defendant failed to show that his statements were involuntary and should have been suppressed).

---

[5] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[6] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[7] Cuvas does not cite to any authority relevant to the issue other than *Freeman v. Wilcox*, 119 Ga. App. 325, 329 (4) (167 SE2d 163) (1969). The trial court found that Cuvas's mother gave police permission to speak with her daughter, but Cuvas points to a lack of evidence that her mother was advised of Cuvas's rights. *Freeman* has been disapproved by our Supreme Court to the extent it can be read to require an automatic exclusion of a minor's incriminating statement if the parent is not separately advised of the minor's rights. See *Riley v. State*, 237 Ga. 124, 128 (226 SE2d 922) (1976).

(c) Cuvas further argues that her trial counsel was ineffective because during the charge conference he failed to request a jury charge as to the voluntariness of her statement to police or the conditions precedent for consideration of her statement. We disagree.

During the charge conference, the trial court stated its impression that there was no issue as to voluntariness of Cuvas's statement under *Jackson v. Denno* or as to whether she was informed of her constitutional rights, and trial counsel confirmed that he did not want a charge on those issues.[8] The officer's testimony indicating that Cuvas had been informed of her rights and made her statement freely and willingly was not controverted. It was not reasonably probable that counsel's failure to request a charge on those issues changed the outcome of the trial. See, e.g., *Gonzalez v. State*, 283 Ga. App. 843, 848-849 (3) (a) (643 SE2d 8) (2007) (finding that, under the circumstances, there was no reasonable probability that but for counsel's failure to request instruction as to defendant's statement, the results of the trial would have differed).

(d) Lastly, Cuvas suggests that her trial counsel's performance was so lacking that it eliminated the need to inquire into whether she was prejudiced thereby. We disagree.

Prejudice is presumed if a defendant is constructively denied counsel. See *Strickland v. Washington*, 466 U. S. 668, 692 (III) (B) (104 SC 2052, 80 LE2d 674) (1984). Such denial occurs if "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *United States v. Cronic*, 466 U. S. 648, 659 (III) (104 SC 2039, 80 LE2d 657) (1984). See *State v. Heath*, 277 Ga. 337, 338-339 (588 SE2d 738) (2003). In order for the presumption of prejudice to arise, "[t]he attorney's failure must be complete and must occur throughout the proceeding and not merely at specific points." (Citation and punctuation omitted.) *Turpin v. Curtis*, 278 Ga. 698, 699 (1) (606 SE2d 244) (2004).

In this case, notwithstanding that trial counsel failed to review the DVD of Cuvas's statement to police, he discussed the statement with Cuvas directly and through an investigator and he reviewed the officer's report of her statement. Counsel came to the conclusion that there were no legitimate issues with regard to the admissibility of the statement. He developed a theory of the defense, cross-examined State's witnesses, argued to the jury on behalf of his client, and she was acquitted of two of the three felony charges.

---

[8] The pattern charge on conditions precedent to consideration of statement, referenced by the trial court, addresses the requirements, among other things, that the statement be voluntary and that the defendant knowingly gave up his or her constitutional rights. See Suggested Pattern Jury Instructions, Vol. II: Criminal § 1.32.50 (2007).

> Considered in context, counsel's failure to [review the DVD of her statement, to file a pre-trial motion to suppress her statement, to request a *Jackson-Denno* hearing, or to request charges with respect to the statement] is not a constructive denial of counsel, and [Cuvas] is not relieved of [her] burden of proving prejudice attributable to trial counsel's error.

*Machuca v. State*, 279 Ga. App. 231, 237 (2) (a) (630 SE2d 828) (2006). Compare *Cochran v. State*, 262 Ga. 106, 107-108 (2) (414 SE2d 211) (1992) (listing numerous deficiencies described as total failure of trial preparation).

2. Consistent with the statutory punishment for armed robbery, Cuvas was sentenced to twenty years to serve ten in prison. See OCGA § 16-8-41 (b), (d). She contends that her sentence is cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.[9]

> A presumption arises when a defendant is sentenced within the statutory limits set by the legislature that such sentence does not violate the Eighth Amendment's guarantee against cruel and unusual punishment. Such presumption remains until a defendant sets forth a factual predicate showing that such legislatively authorized punishment was so overly severe or excessive in proportion to the offense as to shock the conscience.

(Footnote omitted.) *Pascarella v. State*, 294 Ga. App. 414, 417 (2) (669 SE2d 216) (2008).

Cuvas was properly tried as an adult in superior court as she was alleged to have committed armed robbery with a firearm.[10] Although she was only 13 years old at the time of the robbery, she had no inherent right to be treated as a juvenile. *Bishop v. State*, 265 Ga. 821, 823 (3) (462 SE2d 716) (1995). The legislature's determination that the superior court has jurisdiction over minors 13 to 17 years of

---

[9] To the extent Cuvas's argument can be characterized as a claim that the minimum sentencing requirement of OCGA § 16-8-41 is unconstitutional, the trial court did not discretely rule on the issue, and, if it had so ruled, a challenge to constitutionality of the statute is within the exclusive jurisdiction of our Supreme Court. See *Colton v. State*, 297 Ga. App. 795, 797-798 (2) (678 SE2d 521) (2009) (although challenge to the constitutionality of sentencing provisions of OCGA § 16-6-22.2 would be in exclusive jurisdiction of the Supreme Court, the constitutional issue had not been raised or ruled on by the trial court, and the sentence was affirmed as legally authorized).

[10] "The superior court shall have exclusive jurisdiction over the trial of any child 13 to 17 years of age who is alleged to have committed any of the following offenses: . . . (vii) Armed robbery if committed with a firearm." OCGA § 15-11-28 (b) (2) (A).

age who are alleged to have committed certain serious offenses is founded on a rational basis, including "the need for secure placement of certain violent juvenile offenders [and] the safety of students and citizens of Georgia." Id. See OCGA § 15-11-28 (b) (2) (A).

We have previously upheld a sentence of ten years confinement imposed on a fifteen-year-old defendant for conspiracy to commit armed robbery. *Pascarella*, supra, 294 Ga. App. at 417. In comparison, Cuvas, although only 13 years old, participated in the actual armed robbery. Having considered Cuvas's arguments, we cannot conclude that her punishment was so severe or excessive in proportion to the offense as to shock the conscience. See *Gresham v. State*, 303 Ga. App. 682, 689 (4) (695 SE2d 73) (2010); *McKenzie v. State*, 302 Ga. App. 538, 541 (2) (691 SE2d 352) (2010).

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 1, 2010.

*Wayne L. Burnaine*, for appellant.
*Daniel J. Porter, District Attorney, Tracie H. Cason, Assistant District Attorney*, for appellee.